HARDY, Judge.
This suit was instituted by plaintiff praying for judgment declaring a municipal election held in the Town of Converse, Sabine Parish, Louisiana, on the 14th day of June, 1955, to be null, void and invalid; alternatively, for a recount of the votes and appropriate judgment upon the basis thereof. Plaintiff further sought the issuance of an injunction prohibiting the promulgation of the returns and the issuance of a commission by the Secretary of State.
Plaintiff, who was Mayor of the Town of Converse, Sabine Parish, Louisiana, and a candidate for re-election to the said office, named as defendants his successful opponent for election to the office of Mayor, W. O. Jackson, and Wade O. Martin, Jr., Secretary of State. Plaintiff’s petition alleged that an election was held on the 14th day of June, 1955, for the purpose of elect *291 ing municipal officers for the Town of Converse but that voting machines were not used in the said election, and, as a consequence, the same was null, void and invalid, being in violation of the provisions of the Constitution and laws of the State of Louisiana, particularly LSA-R.S. 18:-1165. Alternatively, plaintiff complained of certain irregularities with specific reference to the casting of votes by three participants in the election whom petitioner alleged to be disqualified upon the basis of facts set forth in his petition. The disal-lowance of these votes would have had the effect of changing the result, for the petition alleged that the votes as promulgated showed that 53 votes were cast for the defendant, W. O. Jackson, and 51 votes for plaintiff.
Defendant, Martin, Secretary of State, filed an exception to the jurisdiction ratione personae and ratione materiae and an exception of no right nor cause of action. Defendant, Jackson, filed exceptions of no cause and no right of action and a plea of estoppel. After hearing on the exceptions the same were sustained by the District Court and judgment rendered in favor of defendants dismissing plaintiff’s suit. From this judgment plaintiff has appealed.
There is no showing in the record as to the basis for the exceptions to the jurisdiction filed on behalf of the defendant, Martin, Secretary of State, but since there does not appear to be any contention on behalf of plaintiff against this particular ruling, it must be presumed that his prayer for relief in this respect has been abandoned and, accordingly, this point is excluded from our consideration.
Plaintiff contends that the failure to use voting machines in the election of June 14, 1955, was a violation of the mandatory provisions of LSA-R.S. 18:1165, and constituted a fatal defect rendering the purported election null, void and of no effect.
There is no question on the proposition that under Article VIII, § 7 of the Constitution of the State of Louisiana, as amended, LSA, the Legislature was duly authorized to provide for balloting in elections within the State by the use of voting machines. Nor is there any question as to the statutory enactment by the Legislature now set forth in LSA-R.S. 18:1165, the appropriate provisions reading as follows:
“On and after the date fixed by law for the holding of the first primary election in the year 1954 to nominate candidates of the political parties for members of the house of representatives of the congress of the United States voting machines shall be used throughottt the entire state of Louisiana in all elections provided by law * * (Emphasis supplied.)
If the above statutory regulation could be considered as merely advisory or directory in nature, there would be serious question as to the validity of plaintiff’s contention. However, reference to the above emphasized clause is convincing to the effect that the use of voting machines in all elections within the State, to be held after the date fixed, is mandatory and, therefore, is not susceptible to variation or exception.
Concededly the issue here presented is res nova, but we find a striking analogy in the holding of the Supreme Court in Hart v. Picou, 147 La. 1017, 86 So. 479. In the cited case the court interpreted a statutory provision with reference to the printing of ballots requiring numbered and detachable slips and held that the use of ballots which did not comply with the statutory provision rendered the entire election void, and that this conclusion did not depend upon proof of fraud. It is true that tire opinion of the court considered somewhat at length the purpose of the provision of the law, but, nonetheless, its conclusion was based upon the proposition that the statute providing for the printing of the ballot in accordance with specific directions constituted a mandatory provision.
It seems abundantly clear to us that the failure to use voting machines in the election of June 14, 1955, was a failure to follow the statutory requirement of law, which, as an inevitable consequence, in *292 volves the absolute nullity of the purported election. This is not a question of an unsubstantial irregularity but rather it is a fatal defect.
Learned counsel for defendant declares that:
“The law does not require them (voting machines) to be used in elections of this nature, and further if they are required by law, non-compliance with such a rule would be an irregularity only and would not in itself be grounds for rendering the election null and void.”
Counsel does not specify any authority for the position that voting machines are not required in “elections of this nature”, nor have we been able to perceive upon what grounds such a broad assertion can be predicated. When the Legislature provided “voting machines shall be used — in all elections provided by law,” we fail to understand how such an expression can be qualified by arbitrarily adding “except elections of a nature comparable to the municipal election in the Town of Converse.”
Nor, as we have above pointed out, can we be impressed with the assertion that non-conformance with the mandatory specification for the method of balloting should be considered as a mere irregularity.
It follows that, in our opinion, the exception of no right and no cause of action should have been overruled.
On behalf of defendant, however, it is further urged that this plaintiff is estopped from claiming relief by way of a judgment annulling the election inasmuch as he participated, in his capacity as Mayor of the Town of Converse and member of the Town Council, in the calling and holding of the election, thereby waiving any objections to its validity.
There is incorporated in the record what appears to be the minutes of a meeting of the Converse Town Council on April 8, 1955, in the course of which a resolution was adopted calling an ele'etion for the purpose of electing a Mayor, members of the Town Council and a Town Marshal, to be held on June 14, 1955. Careful examination of the resolution fails to disclose any reference to the manner of voting or to the preparation of the ballot itself. Nor is there any other evidence in the record which would justify sustaining the plea of estoppel as against plaintiff. However this may be as a factual proposition, we question whether the effect of such an estoppel could be construed as validating a proceeding which was completely null.
For the reasons assigned we are constrained to find that the District Court erred in sustaining the exceptions and pleas interposed on behalf of the defendant, W. O. Jackson, and it is now ordered, adjudged and decreed that the judgment appealed from be amended by overruling the exception of no cause of action, the exception of no right of action, and the plea of estoppel filed on behalf of defendant, W. O. Jackson.
It is further ordered that this case be, and it is, remanded to the Honorable the Eleventh Judicial District Court in and for Sabine Parish, Louisiana, for further proceedings consistent with this opinion.